[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON HEARING IN DAMAGES
This matter was initiated by writ, summons and complaint dated October 17, 1990 and returnable November 27, 1990 as of record more fully appears.
The complaint claimed damages for physical injuries sustained on or about November 5, 1989 while the Plaintiff was a passenger on the ship S.S. Britanis after the ship had left Miami, Florida and was proceeding to Cozumel, Mexico, which injuries resulted from some foreign body being in Plaintiff's breakfast food causing fractured teeth, pain and trauma.
Service of the complaint was made by Chief Deputy Sheriff DeLucco leaving (2) two true and attested copies of the original writ, summons and complaint at the office of the Connecticut Secretary of State, with the notation that "Said Secretary of the State of Connecticut is the duly authorized agent and attorney to accept service for the within named defendant. . . ." See General Statutes Sec. 52-57c and 33-411d.
The Defendant failed to appear within the time limited and the Court granted Plaintiff's motion for default for failure to appear on December 19, 1990.
The court notes the content of track motion for Extension of Time dated November 14, 1991 and filed November 18, 1991 indicating that Plaintiff's then counsel appeared to have some misgivings as to the status of the Defendant and whether the named Defendant was the proper defendant.
On January 21, 1992 the present Plaintiff's counsel appeared and on said dated filed a claim for a hearing in damages.
The named Defendant is a corporation and therefore no military affidavits were required. CT Page 6052
The hearing in damages was heard by the Court on May 28, 1992.
The Defendant having been defaulted at an earlier date the court finds the allegations of the complaint as true as to the negligence of the Defendant and the negligence of the Defendant being the proximate cause of Plaintiff's injuries.
On the basis of the uncontroverted evidence before the Court on May 28, 1992 (no one appearing on behalf of the named defendant) the Court makes the following finding.
1. The Plaintiff sustained fractures of the two upper right pre molar teeth numbers 4 and 5 lingual cuspid as a result of her biting into the food presented to her November 5, 1989 on board ship, which food contained a sharp hard foreign substance or object.
2. The Plaintiff went through a long and painful period of treatment with various Doctors and Dentists and orthodontists including — extractions — root canals — bridge work — infections — drug reactions — migraine headaches — maxiofacial nerve pain during the period November 5, 1989 to September, 1991.
Treatment also included X rays insertion of flexiposts, ENT senosites, treatment for drug related vaginal infection, bronchitis, episodes of sinus infection.
3. The Plaintiff treated with the following Doctors, Dentists or Orthodontists,
 Dr. Kenneth Patrician Dr. Marc S. Webb Dr. R. Robbins Dr. Russel Stoch Dr. Sheldon Gross Dr. John Dulles Dr. John Russo
See Plaintiff's exhibit D.
4. The Plaintiff incurred substantial pharmaceutical bills due to drug and pain prescriptions.
5. The Plaintiff is not presently treating as concerns and injuries relating to the fractured teeth and attendant problems. Certain bridgework may be required in CT Page 6053 the future but no estimates as to the cost thereof were provided to the court.
6. No testimony or evidence was provided to the Court as concerns any disabilities partial or permanent.
7. No testimony or evidence was provided to the Court as to lost earnings or wages.
8. No testimony or evidence was presented to the Court as to impairment or loss of enjoyment of any of life's activities.
9. No evidence or testimony was presented to the Court as to mental suffering
The Court finds the Plaintiff sustained the following past and future economic damages, $8,587.62.
The Court finds the Plaintiff sustained the following past and future non economic damages $25,800.00.
The Court has examined all the medical statements and reports contained in Plaintiff's exhibit D.
AUSTIN, J.